IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

**DERRICK ENGLISH**

   Plaintiff,

v.          Case No.: GJH-16-03675

**RYLAND MORTGAGE COMPANY,** *et al.*

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The pending Motion for a Temporary Restraining Order and Preliminary Injunction concerns a mortgage loan for the property located at 12234 Open View Lane, #803, Upper Marlboro, Maryland 20774 ("the Property"). Plaintiff Derrick English ("Plaintiff") filed a *pro se* complaint against Defendants Ryland Mortgage Company ("Ryland"); U.S. Bank National Association, as Trustee for the Holders of the GSAA Home Equity Trust 2007-1 ("U.S. Bank"); Goldman Sachs Mortgage Company ("Goldman Sachs"); GS Mortgage Securities Corp.; Wells Fargo Bank, National Association ("Wells Fargo"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and "Does 1 through 100" (collectively, "Defendants") in the Circuit Court for Prince George's County, Maryland on October 7, 2016. ECF No. 2. Defendants removed the action to this Court on November 9, 2016. ECF No. 1. Currently pending before the Court is Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief. ECF No. 3. A hearing is unnecessary. *See* Local Rule 105.6 (D. Md.). For the reasons explained below, Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief is DENIED.

## I. BACKGROUND

On or about September 13, 2006, Plaintiff entered into a consumer credit transaction with Ryland Mortgage Company by obtaining a $263,950.00 mortgage loan secured by Plaintiff's principal residence. ECF No. 2 ¶ 29.[1] "This note was secured by a First Mortgage/Trust Deed on the Property in favor of Ryland." *Id.* ¶ 30. Ryland subsequently sold the mortgage to TRUST 2007-1 Trust, a common law trust that closed in 2007. *See id.* ¶ 39; ECF No. 13-1 at 2. Plaintiff claims, among other allegations, that "unbeknownst to [him], Ryland illegally, deceptively and/or otherwise unjustly qualified Plaintiff for a loan which Ryland knew or should have known that Plaintiff could not qualify for or afford by, for example, the underwriter has approved this loan based upon credit scores and the borrower's Stated Income only." *Id.* ¶ 52. Plaintiff's Property allegedly now faces foreclosure and sale. ECF No. 3 at 11.

In his Complaint, Plaintiff alleges ten counts against Defendants: (1) Lack of Standing to Foreclose, (2) Fraud in the Concealment, (3) Fraud in the Inducement, (4) Intentional Infliction of Emotional Distress, (5) Quiet Title, (6) Slander of Title, (7) Declaratory Relief, (8) Violations of the Truth in Lending Act ("TILA"), (9) Violations of the Real Estate Settlement Procedures Act ("RESPA"), and (10) Rescission. ECF No. 2 at 1. Defendants removed the case to this Court on November 9, 2016. ECF No. 1. The Motion for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief filed by Plaintiff in state court on October 3, 2016 is now pending before this Court. ECF No. 3. Ryland filed an Opposition to Plaintiff's Motion for a Temporary Restraining Order on November 11, 2016. ECF No. 14.

---

[1] The Court is aware that Plaintiff's Complaint is a form complaint retrieved from the Internet at: Certified Forensic Loan Auditors, LLC, http://certifiedforensicloanauditors.com/pdfs/sample-complaint-package/Complaint-Petition.pdf (last visited Nov. 16, 2016). The Court is also aware of at least four separate actions brought to other judges on this court using this form complaint. *See, e.g., Powell v. Countrywide Bank, FSB*, PX-16-01201, 2016 WL 5815884 (D. Md. Oct. 4, 2016); *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763 (D. Md. Aug. 20, 2015); *Simmons v. Bank of America, N.A.*, PJM-13-0733, 2014 WL 509386 (D. Md. Feb. 6, 2014); *Somarriba v. Greenpoint Mortg. Funding, Inc.*, RWT-13-072, 2013 WL 5308286 (D. Md. Sept. 19, 2013).

## II. STANDARD OF REVIEW

The purpose of a temporary restraining order ("TRO") or a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). The grant of a temporary restraining order or a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (citing *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)). To be granted a temporary restraining order or a preliminary injunction, the moving party must establish:

> (1) there is a likelihood of success on the merits; (2) there is a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in movant's favor; and (4) the injunction is in the public interest.

*See Winter*, 555 U.S. at 20; *Dewhurst*, 649 F.3d at 290 (reaffirming the four requirements). All four of these requirements must be met in order for a temporary restraining order or preliminary injunction to be granted. *See Dewhurst*, 649 F.3d at 290.

## III. DISCUSSION

In his Motion for a Temporary Restraining Order, Plaintiff baldly asserts that he is "likely to prevail on the merits at trial." ECF No. 3 at 9. In support of this assertion, he makes several conclusory statements. He states, "Plaintiff has successfully alleged nine causes of action against Defendants in this case, including violations of TILA and RESPA; Fraud; Unfair and Deceptive Business Practice; Unconscionability; and Quiet Title." *Id.* Plaintiff asserts that "[a] judicial declaration is necessary and appropriate at this time under all the circumstances so that plaintiff may determine his or her rights and duties under the note and *deed of trust*, specifically." *Id.* at

10 (emphasis in original). Plaintiff alleges that he can demonstrate at trial that "defendants breached their PSA [pooling and serving agreement] contract and through misrepresentation are about to foreclose on Plaintiff's real property . . ." *Id.* Plaintiff claims that he will suffer irreparable harm because "Plaintiff's home will be sold within the next week and Plaintiff [is] subject to eviction actions, without immediate intervention from this Court." ECF No. 3 at 2.

Plaintiff has failed to establish a likelihood of success on the merits, and therefore the Motion for a Temporary Restraining Order or Preliminary Injunction must be denied. *See Dewhurst*, 649 F.3d at 290 (explaining that each of the four requirements must be met for the Court to grant relief). As an initial matter, the majority of Plaintiff's allegations stem from Defendants' actions in September 2006, and thus, appear to be clearly barred by the relevant statute of limitations periods. Plaintiff alleges violations of federal statutes TILA and RESPA, as well as other common law claims, including fraud in the concealment and fraud in the inducement, which were likely time-barred no later than 2009. Second, Plaintiff's claims which may not be time-barred, are not pled with sufficient specificity for the Court to find the requisite conditions to grant a temporary restraining order or preliminary injunction.

Claims under TILA are subject to either a one-year or three-year statute of limitations. *See* 15 U.S.C. § 1640(e). "This limitations period begins to run when the borrower accepts the creditor's extension of credit." *Grant*, 871 F.Supp. 2d at 472 (citations omitted). RESPA claims are subject to a one-year statute of limitations, running "from the date of occurrence of the violation." 12 U.S.C. § 2614. Although equitable tolling may apply in TILA and RESPA claims, "setting aside the statute of limitations as to such claims is no easy task." *Grant*, 871 F.Supp. 2d at 470 n.10, 472 n.14 (internal citations omitted). To do so, Plaintiff must show fraudulent concealment and the "inability of the plaintiff, despite due diligence, to discover the fraud." *Id.* at

470 n.10; *see also Fowler v. Wells Fargo Home Mortg., Inc.*, GJH-15-1084, 2015 WL 2342377, at *3–4 (D. Md. May 13, 2015). Plaintiff has not made this showing. As these violations allegedly took place on September 13, 2006, and Plaintiff makes no argument for equitable tolling, they are likely to be found time-barred and Plaintiff is unlikely to succeed on these claims at trial. *See Fowler*, 2015 WL 2342377, at *4.

Plaintiff also alleges that Defendants committed "fraud in the concealment" by "concealing the fact that the Loans were securitized as well as the terms of the Securitization Agreements." ECF No. 2 ¶ 76. Plaintiff claims that Defendants committed "fraud in the inducement" by "intentionally misrepresent[ing] to Plaintiff those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust." ECF No. 2 ¶ 85. The statute of limitations for a civil action under Maryland law is "three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code, Cts. & Jud. Proc. § 5-101. This period may be extended if knowledge of a cause of action is kept from a party by fraud. § 5-203. In that case, "the cause of action shall be deemed to accrue at the time when the party discovered, or by exercise of ordinary diligence should have discovered the fraud." *Id.* Here, as with his statutory claims, Plaintiff has not suggested that he was unable to discover the fraud within three years of purchasing the property in September 2006. *See Fowler*, 2015 WL 2342377, at *3; *Doe v. Archdiocese of Wash.*, 689 A.2d 634, 643 (Md. Ct. Spec. App. 1997) (noting that "the complaint relying on the fraudulent concealment must also contain specific allegations of how the fraud kept plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite plaintiff's diligence."). Thus, the Court cannot find that Plaintiff is likely to succeed on his fraud claims.

With respect to Plaintiff's remaining claims, including wrongful foreclosure, intentional infliction of emotional distress, slander of title, quiet title, request for declaratory relief, and rescission, Plaintiff has failed to allege sufficient facts to establish any of the four prongs set forth in *Winter*, 555 U.S. at 20. Namely, Plaintiff has not provided any factual basis from which the Court could find likelihood of success on the merits, irreparable harm if preliminary relief is not granted, that the equities tip in Plaintiff's favor, or that a preliminary injunction would be in the public's interest. *Id.*; *see also Somarriba v. Greenpoint Mortg. Funding, Inc.*, RWT-13-072, 2013 WL 5308286, at *2 (D. Md. Sept. 19, 2013) (discussing denial of Plaintiff's Petition for Temporary Restraining Order).[2] Instead, Plaintiff "makes sweeping claims of general illegality on the part of Defendants" using a form complaint which has been summarily dismissed in previous cases. *See id.* As Plaintiff has failed to satisfy the requirements outlined in *Winter*, he is not entitled to a temporary restraining order or a preliminary injunction.

## VI. CONCLUSION

Accordingly, for the aforementioned reasons, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 3, is DENIED. A separate Order shall issue.

Dated: November 16, 2016

GEORGE J. HAZEL
United States District Judge

---

[2] In that Order denying "Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction," Judge Titus notes, "Here, Plaintiffs make broad factual allegations concerning the impropriety of mortgage lending practices in the United States generally, and regarding Defendants' conduct in selling a loan product to Plaintiffs. Plaintiffs, however, make only bare, unsupported allegations that they are 'likely to prevail on the merits at trial,' and that their home 'will be sold within the next week' and 'Plaintiffs are subject to eviction actions, without immediate intervention from this Court.' Plaintiffs' assertions fail to address and/or satisfy each of *Winter*'s four requirements for the Court the issue a preliminary injunction or temporary restraining order, and therefore the Court will deny Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction." (internal quotation marks omitted).