IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 AUG 11 P 4: 14

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

**DERRICK ENGLISH**

    Plaintiff,

v.                                        Case No.: GJH-16-3675

**RYLAND MORTGAGE COMPANY,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Derrick English ("Plaintiff") brings this *pro se* action against Defendants Ryland Mortgage Company ("Ryland"); U.S. Bank National Association, as Trustee for the Holders of the GSAA Home Equity Trust 2007-1 ("U.S. Bank"), Wells Fargo Bank, National Association ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. ("MERS"); Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. (collectively, "Goldman Defendants"); and "Does 1 through 100," asserting a multitude of state law claims and alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, relating to Plaintiff's mortgage loan.[1] The Court previously denied Plaintiff's Motion for a Temporary Restraining Order. ECF Nos. 20 and 21. Now pending before the Court is Defendant Ryland's Motion to Dismiss, ECF No. 13, Defendants U.S. Bank, Wells Fargo, and MERS's Motion to Dismiss, ECF No. 16, and the Goldman Defendants' Motion to Dismiss, ECF No. 17. A hearing is unnecessary. *See* Local Rule 105.6 (D. Md.). For the following reasons, the Motions to Dismiss are granted.

---

[1] The suit was initially filed in the Circuit Court for Prince George's County, Maryland on October 3, 2016. ECF No. 2. Defendants removed the action to this Court on November 9, 2016. ECF No. 1.

## I. BACKGROUND

The Court derives the following facts from Plaintiff's Complaint, ECF No. 2, and public land records and court records, of which the Court takes judicial notice.[2] On September 13, 2006, Plaintiff, as Borrower, executed a Deed of Trust and obtained a $263,950.00 mortgage loan ("the Loan") secured by the property located at 12234 Open View Lane, #803, Upper Marlboro, Maryland 20774 ("the Property"). *See* ECF No. 2 ¶ 29; ECF No. 3-1.[3] The Deed of Trust named Defendant Ryland as Lender and Defendant MERS as "nominee for Lender and Lender's successors and assigns" and the beneficiary under the Deed of Trust. ECF No. 3-1 at 1–2. The Deed of Trust includes a provision stating that for purposes of "repayment of the Loan" and the "performance of Borrower's covenants and agreements under this Security Instrument and the Note," "Borrower irrevocably grants and conveys to Trustees, in trust, with power of sale [of the Property]." ECF No. 3-1 at 3.

When Plaintiff closed on the Property, "the original lender," presumably Ryland, allegedly "signed a PSA [Pooling and Servicing Agreement] that governed plaintiff's particular mortgage note." ECF No. 2 ¶ 21. Ryland subsequently sold the Loan to a securitized pool of loans described in the Complaint as "TRUST 2007-1 Trust." *See id.* ¶ 39. On September 21, 2011, MERS assigned its interest in the Deed of Trust to Bank of America, National Association ("Bank of America"). *See* ECF No. 16-2 at 2. On January 13, 2013, Bank of America assigned the Deed of Trust to U.S. Bank. *See* ECF No. 16-3 at 2.

---

[2] The Court may consult these documents without converting the Motion to Dismiss into one for Summary Judgment. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted).
[3] Curiously, Plaintiff has attached to the Complaint only pages 1–3 and 14–15 (of 15) of the Deed of Trust, omitting a majority of the contractual provisions embodied in the Deed of Trust. *See* ECF No. 3-1 at 1–5.

On July 11, 2014, following the apparent default of the Loan, the Substitute Trustees initiated a foreclosure action against English. *See BHL v. English*, CAEF14-17893 (Cir. Ct. Prince George's Cty. July 11, 2014).[4] The Circuit Court denied English's Motion to Stay Foreclosure Sale on March 9, 2015, Dk. 019, and also denied English's Motion to Dismiss on February 16, 2016, Dk. 030. English filed a line suggesting bankruptcy on February 3, 2016, which automatically stayed the foreclosure action. *See* Dk. 031. The bankruptcy stay was lifted on September 27, 2016. Dk. 032. The most recent docket entry in the foreclosure action was entered on February 17, 2017, and the matter remains active. *See* Dk. 040.

English filed a Complaint to quiet title against the Substitute Trustees and Defendants in the Circuit Court for Prince George's County, Maryland on October 3, 2016. *English v. Ryland Mortg. Co.*, CAE16-38008 (Cir. Ct. Prince George's Cty. October 3, 2016).[5] Defendants removed the action to this Court on November 9, 2016. *See* ECF No. 1. In the Complaint under review, Plaintiff English alleges ten counts against Defendants: (1) Lack of Standing to Foreclose, (2) Fraud in the Concealment, (3) Fraud in the Inducement, (4) Intentional Infliction of Emotional Distress, (5) Quiet Title, (6) Slander of Title, (7) Declaratory Relief, (8) Violations of the Truth in Lending Act ("TILA"), (9) Violations of the Real Estate Settlement Procedures Act ("RESPA"), and (10) Rescission. ECF No. 2 at 1. Plaintiff seeks damages, restitution, injunctive and declaratory relief. Motions to Dismiss have been filed by Defendants Ryland, *see* ECF No. 13, U.S. Bank, Wells Fargo, and MERS, *see* ECF No. 16, and the Goldman Defendants, *see* ECF No. 17. Plaintiff filed an Opposition to the Motions. ECF No. 26. Having

---

[4] The Substitute Trustees in this matter are named as Buonassissi, Henning, Lash, PC. As of August 4, 2017, the foreclosure action was still in active status. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=CAEF1417893&loc=65&detailLoc=PGV (last visited August 4, 2017). Docket entries in the Circuit Court case are denoted herein as "Dk."

[5] Plaintiff's Complaint, ECF No. 2, is stamped as received on October 7, 2016.

3

reviewed the parties' briefs, the appropriate records, and relevant authorities, the Court now grants the Motions to Dismiss.[6]

## II. STANDARD OF REVIEW

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50) (1989)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most

---

[6] As an initial matter, the Court declines to abstain from hearing this case based upon the doctrine of *Younger* abstention. *See* ECF No. 16-1 at 6–7. As this Court noted in a recent decision rejecting defendant's argument for *Younger* abstention in the foreclosure context, "circumstances fitting within the *Younger* doctrine are exceptional," and "abstention from the exercise of federal jurisdiction is the 'exception, not the rule.'" *Agomuoh v. PNC Fin. Servs. Grp.*, No. GJH-16-1939, 2017 WL 657428, at *4–5 (D. Md. Feb. 16, 2017) (quoting *Sprint Commc'n., Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (internal alterations omitted)); *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 646 (D. Md. 2015) (finding *Younger* not warranted in mortgagor's action against loan servicers in federal court). Consistent with the Court's reasoning in *Agomuoh*, the Court will exercise jurisdiction over Plaintiff's claims.

favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Although "no technical forms of pleading are required, a complaint must 'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Engle v. United States*, 736 F. Supp. 670, 671 (D. Md. 1989), *aff'd*, 902 F.2d 28 (4th Cir. 1990) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The Court is not obligated to accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. DISCUSSION

#### A. Lack of Standing/Wrongful Foreclosure

In Count One, English contends that Defendants "do not have the right to foreclose on the Property because Defendants . . . have failed to perfect any security interest in the Property, or cannot prove to the court they have a valid interest as a real party in interest to foreclose." ECF No. 2 at 13. Thus, he claims, "the purported power of sale . . . no longer applies." *Id.* Plaintiff submits that the only parties who have standing to foreclose are the "holders of the Note," whom he alleges are "the certificate holders of the securitized trust because they are the end users and pay taxes on their interest gains." *Id.* English further claims that Defendant MERS lacks

authority under its corporate charter "to foreclose a mortgage or to own or transfer an interest in a securitized mortgage," and seeks to invalidate the transfer of the Mortgage/Deed of Trust to U.S. Bank because the transferor allegedly never "physically deliver[ed]" the Note. *Id.* at 13–14. Plaintiff argues that "[t]he Promissory Note and Mortgage/Deed of Trust are inseparable," and therefore the transfer of the Deed of Trust alone is a nullity. *Id.* at 15. He requests that the Court "restrain" and "enjoin" Defendants from foreclosing upon the Property. *Id.* at 16. Plaintiff's claim fails for several reasons.

Courts in this jurisdiction and elsewhere have "routinely rejected challenges to loan securitization[7] and assignments executed through the MERS system." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 516–17 (D. Md. 2016) (dismissing lack of standing claim where plaintiff made identical argument regarding defendants' "fail[ure] to perfect any security interest"); *Reed v. PNC Mortg.*, Civ. No. AW–13–1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013) ("Even assuming that his loan was securitized, Plaintiff has presented no basis for the Court to declare the deed of trust invalid or unenforceable."); *Suss v. JP Morgan Chase Bank, N.A.*, Civ. No. WMN–09–1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) (noting that "courts that have considered the issue have found that the [MERS] system of recordation is proper and assignments made through that system are valid" and rejecting theory that securitization rendered the promissory note unenforceable); *Ruggia v. Wash. Mut.*, 719 F. Supp.

---

[7] Loan securitization may be explained as follows: "Real estate loan securitization creates a secondary market for loans secured by mortgages on real property. Lenders originate loans and then sell a group of loans as a pool to an entity that will issue securities." Georgette C. Poindexter, *Subordinated Rolling Equity: Analyzing Real Estate Loan Default in the Era of Securitization*, 50 Emory L.J. 519, 522 (2001); *see also Anderson v. Burson*, 424 Md. 232, 237 (2011) ("Securitization starts when a mortgage originator sells a mortgage and its note to a buyer, who is typically a subsidiary of an investment bank. . . . The investment bank bundles together the multitude of mortgages it purchased into a 'special purpose vehicle,' usually in the form of a trust, and sells the income rights to other investors.") (citing Christopher L. Peterson, *Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System*, 78 U. Cin. L. Rev. 1359, 1367 (2010)).

2d 642, 647 (E.D. Va. May 13, 2010) ("[A] deed of trust continues to secure the holder of a note and nothing in the . . . securitization of a note renders it unsecured."), *aff'd*, 442 F.App'x. 816 (4th Cir. 2011) (per curiam). Plaintiff thus relies upon a repeatedly rejected legal theory in alleging that the securitization of the Loan renders the Deed of Trust invalid.

Plaintiff's argument that separating the Deed of Trust from the original Promissory Note nullifies the assignment of the Deed of Trust is equally unconvincing. Courts in this jurisdiction have rejected this "separation theory" and "show me the note"-type arguments. *See, e.g., Quattlebaum v. Bank of Am., N.A.*, Civ. No. TDC–14–2688, 2015 WL 1085707, at *5–6 (D. Md. Mar. 10, 2015) (dismissing plaintiff's challenge to Bank of America's authority to foreclose where plaintiff argued that Bank of America's entitlement to the property was defective because the Note and Deed of Trust had been separated); *Jones v. Bank of N.Y. Mellon*, No. DKC–13–3005, 2014 WL 3778685, at *4 (D. Md. Jul.29, 2014) (rejecting contention that defendants must produce original note to enforce the note); *Harris v. Household Finance Corp.*, RWT–14–606, 2014 WL 3571981, at *2 (D. Md. Jul.18, 2014) (explaining that "there is no recognizable claim" that a mortgagor must "produce 'wet ink' signature documents" in order for a mortgage to be valid). Plaintiff's claim that Defendants' right to foreclose on the Property is invalid or wrongful based on this theory is therefore not legally cognizable.

Moreover, Plaintiff has made no allegations that he was a party to the original PSA or to any of the assignments of the Deed of Trust. Plaintiff therefore has no standing to challenge the validity of the PSA or assignments. *120 W. Fayette St., LLLP v. Mayor of Baltimore*, 426 Md. 14, 36 (2012) (noting that Maryland law permits only parties to a contract and third-party beneficiaries to bring suit to enforce the terms of a contract); *Bell v. Clarke*, No. CV TDC-15-1621, 2016 WL 1045959, at *2 (D. Md. Mar. 16, 2016) (stating that "mortgagors generally lack

standing to attack transfers of their mortgages through assignments and PSAs to which they are not parties."). Finally, Plaintiff makes no allegations in the Complaint that the Goldman Defendants are or were involved in the foreclosure of the Property. Plaintiff further fails to address MERS' arguments that it is not a party to the foreclosure action, and is not attempting to foreclose on the Property. Accordingly, Count One for Lack of Standing/Wrongful Foreclosure is dismissed.

### B. Fraud Claims

In Count Two, Plaintiff alleges that Defendants committed "fraud in the concealment" by "conceal[ing] the fact that the Loans were securitized as well as the terms of the Securitization Agreements." ECF No. 2 ¶ 76. In Count Three, Plaintiff alleges that Defendants committed "fraud in the inducement" by "intentionally misrepresent[ing] to Plaintiff those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust." *Id.* ¶ 85.

To state a claim for fraudulent concealment under Maryland law, plaintiff must allege that "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." *Green v. H & R Block, Inc.*, 355 Md. 488, 525 (1999)). To state a claim for fraud in the inducement, a plaintiff must allege "(1) that the defendant made a false statement of material fact to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the

8

plaintiff suffered compensable injury resulting from the misrepresentation." *Carroll Co. v. Sherwin-Williams Co.*, 848 F. Supp. 2d 557, 566 (D. Md. 2012) (citing *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693 (Md. 1998)).

Under Rule 9(b) of the Federal Rules of Civil Procedure, claims sounding in fraud must be pled with particularity. Rule 9(b) requires a plaintiff alleging fraud to make specific allegations regarding "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation, and what [was] obtained thereby." *Kerby v. Mortgage Funding Corp.*, 992 F.Supp. 787, 799 (D. Md. 1998); *see also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (describing the "who, what, when, where, and how of the fraud claim). "Failure to comply with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6)." *Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 504 (D. Md. 2002).

Here, Plaintiff's boilerplate Complaint and conclusory allegations do not meet the heightened standard of Rule 9(b), as he does not include the time, place, identity of the person making the misrepresentation, or what was obtained thereby. Plaintiff fails to plead particularized facts in support of his claims that the Defendants fraudulently concealed the fact of securitization or fraudulently induced him to enter into the Loan. *See Somarriba v. Greenpoint Mortg. Funding, Inc.*, No. 13-CV-072-RWT, 2013 WL 5308286, at *4 (D. Md. Sept. 19, 2013) (dismissing fraud claims in nearly identical complaint where plaintiff homeowners failed to plead the time, place, contents of any false representations, or identities of the wrongdoers). Plaintiff also refers to the Defendants collectively throughout the Complaint, making it impossible to discern which Defendant may be liable for which omission or misrepresentation. *See Powell v. Countrywide Bank*, No. CV PX 16-1201, 2016 WL 5815884, at *6 (D. Md. Oct. 4,

2016) (dismissing fraudulent concealment and fraud in the inducement claims where plaintiff mortgagors lumped defendants into one group). For this reason alone, Plaintiff's fraud claims are subject to dismissal.

Even if the Court allowed Plaintiff to elaborate on these deficient fraud claims, such claims would still fail. As the Court explained *supra*, Plaintiff's theories regarding loan securitization, separation of the Note and Deed of Trust, and Defendants' resulting standing to foreclose are without merit, leaving Plaintiff without a leg to stand on in his fraud claims. Furthermore, the statute of limitations for a civil action under Maryland law is "three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code, Cts. & Jud. Proc. § 5-101. Plaintiff has not alleged that he was unable to discover the purported fraud within three years of executing the Deed of Trust and obtaining the mortgage Loan in September of 2006, nor does he make any viable argument regarding tolling. *See Doe v. Archdiocese of Wash.*, 689 A.2d 634, 643 (Md. Ct. Spec. App. 1997) (noting that "the complaint relying on the fraudulent concealment must also contain specific allegations of how the fraud kept plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite plaintiff's diligence."). Accordingly, in addition to the deficiencies under Rules 9(b), Plaintiff's fraud claims are also time-barred. *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 518 (D. Md. 2016) ("even if Plaintiff could theoretically cobble together a justiciable fraud claim based on information that was withheld at the time of the loan transaction, such a claim would presumably be time-barred"). Counts Two and Three are dismissed.

### C. Intentional Infliction of Emotional Distress

In Count Four, English alleges that Defendants' actions have "threatened [him] with the loss of the Property," and that Defendants "intentionally, knowingly and recklessly misrepresented to the Plaintiff [that] those Defendants were entitled to exercise the power of sale provision" with the "specific intent of inflicting emotional distress on the Plaintiff." ECF No. 2 ¶¶ 93, 95, 97. Plaintiff therefore asserts a claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress ("IIED") Plaintiff must allege that: "(1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) that the emotional distress was severe." *Harris v. Jones*, 281 Md. 560, 566 (1977). In Maryland, an IIED claim is "rarely viable." *Borchers v. Hrychuk*, 126 Md. App. 10, 19 (1999). Accordingly, an IIED claim is subject to a heightened pleading standard, and each element of the claim must be "pled with specificity." *Washington v. Maynard*, No. CV GLR-13-3767, 2016 WL 865359, at *10 (D. Md. Mar. 7, 2016) (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 319 (Md. Ct. Spec. App. 1995)).

English falls far short of the requirements for pleading an IIED claim. English fails to detail the "extreme and outrageous" conduct by Defendants, and fails to plead facts that "if true, would rise to the level of severe emotional distress." *Simmons v. Bank of Am., N.A.*, No. CIV. PJM 13-0733, 2014 WL 509386, at *5 (D. Md. Feb. 6, 2014) (dismissing IIED claim in foreclosure context). While Plaintiff baldly asserts that he has suffered "sleepless nights, severe depression, lack of appetite, and loss of productivity," ECF No. 2 ¶ 101, he offers no allegations showing that Defendants' attempted foreclosure was conducted in "deliberate disregard of a high degree of probability that emotional distress would follow," or that such conduct went "beyond

all possible bounds of decency." *Harris*, 281 Md. at 611 (1977); *see also Asafo–Adjei v. First Savings Mortgage Corp.*, No. RWT–09–2184, 2010 WL 730365, at *5 (D. Md. Feb. 25, 2010) (noting that the Court "cannot imagine *any* set of facts surrounding a mortgage transaction that would support an inference of extreme and outrageous conduct."). Plaintiff's allegations do not state an IIED claim. Count Four is dismissed.

### D. Slander of Title

In Count Five, Plaintiff claims that Defendants "disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording" of such documents as the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed. ECF No. 2 ¶ 104. Plaintiff alleges that Defendants "knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property." *Id.* ¶ 105.

In an action for slander of title, or injurious falsehood, plaintiff must "establish that the defendant, with malice, published a known falsity to a third party that caused special damages." *Gibbons v. Bank of Am. Corp.*, No. CIV. JFM-08-3511, 2012 WL 94569, at *10 (D. Md. Jan. 11, 2012) (citing *Horning v. Hardy*, 36 Md. App. 419 (Md. 1977)). Slander of title is thus similar to a defamation claim, but differs "materially in the greater burden of proof resting on the plaintiff, and the necessity for special damages in all cases." *Beane v. McMullen* 265 Md. 585, 608 (1972). Additionally, "the plaintiff must prove in all cases that the publication played a material and substantial part in inducing others not to deal with him, and that as a result he suffered special damage." *Id.*

In English's case, he cannot plausibly allege that Defendants published a "known falsity," because the Deed of Trust expressly authorizes the power of sale based upon the repayment (or

12

non-repayment) of Plaintiff's Loan, *see* ECF No. 3-1 at 3, and Plaintiff did not allege in his Complaint that he was current on his payments.[8] *See Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 519 (D. Md. 2016) (dismissing slander of title claim where Deed expressly authorized foreclosure and Plaintiff never disputed his mortgage payments were in arrears); *Simmons v. Bank of Am., N.A.*, Civ. No. PJM 13–0733, 2014 WL 509386, at *5 (D. Md. Feb. 6, 2014) ("Dominating everything else . . . is the fact that the Deed of Trust gives the mortgagee or assignee the right to foreclose on the Property. As a result, any Notice of Default or Notice of Foreclosure . . . could hardly be false.").

Moreover, Plaintiff fails to identify which Defendants created or published the alleged falsity, or allege how such publication played "a material and substantial part" in causing "special damage" to Plaintiff. *See Somarriba v. Greenpoint Mortg. Funding, Inc.*, No. 13-CV-072-RWT, 2013 WL 5308286, at *5–6 (D. Md. Sept. 19, 2013) (dismissing slander of title claim where plaintiff failed to plead more than bare allegations). While Plaintiff vaguely references "expenses" that he incurred "in order to clear title," along with myriad emotional harms, he does not allege sufficient factual content from which the Court can plausibly infer that Defendants' publications caused him damages which "result in a pecuniary loss directly or immediately from the conduct of third persons." *Rounds v. Maryland-Nat. Capital Park & Planning Comm'n*, 441 Md. 621, 663 (2015) (defining "special damages"). Count Five is dismissed.

---

[8] In Plaintiff's Opposition, he asserts, for the first time, that "[t]he loan in question has been paid in full," ECF No. 26 at 3, and attaches an "International Promissory Note (UNCITRAL Convention)" to "prove" this assertion. This document is not legal tender, and such an argument is without merit in Plaintiff's case. *Marvin v. Capital One*, No. 1:15-CV-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016), *report and recommendation adopted*, No. 1:15-CV-1310, 2016 WL 4541997 (W.D. Mich. Aug. 31, 2016) (compiling cases rejecting this theory and finding argument that said international promissory notes are legal tender "is nonsense").

### E. Quiet Title

In Count Six, Plaintiff seeks to quiet title on the Property. ECF No. 2 at 21. In an action to quiet title, Maryland law requires that no proceedings be "pending to enforce or test the title or claims thereto." *Roberson v. Ginnie Mae REMIC Tr. 2010 H01*, 973 F. Supp. 2d 585, 590 (D. Md. 2013); *see also* Md. Code, Real Prop. § 14–108(a) (providing that "any person in actual peaceable possession of property . . . may maintain a suit . . . to quiet or remove any cloud from the title, or determine any adverse claim" when "the person's title to the property is denied or disputed" and "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title").

Courts in this jurisdiction have routinely dismissed claims to quiet title while a foreclosure action remains pending in state court, as it does here. *See, e.g., Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 519 (D. Md. 2016) ("Here, there is no question that a foreclosure action remains pending in state court: in fact, it was that state action that prompted Plaintiff's Complaint. So even if Plaintiff's quiet-title request had merit, the Court would lack jurisdiction to consider it."); *Roberson*, 973 F. Supp. 2d at 590 ("Plaintiff has failed to state a claim to quiet title because there is an active proceeding regarding the title."); *Ramirez v. Wells Fargo Bank, N.A.*, No. PWG-14-3819, 2015 WL 5052787, at *5 (D. Md. Aug. 25, 2015) (same). The foreclosure action against English's home remains active in the Circuit Court for Prince George's County, *BHL v. English*, CAEF14-17893 (Cir. Ct. Prince George's Cty. July 11, 2014), the records of which the Court takes judicial notice; therefore, Plaintiff cannot maintain his claim for quiet title. Count Six is also dismissed.

### F. Declaratory Relief

In Count Seven, English "requests a judicial determination of the rights, obligations, and interest of the parties with regard to the Property," including a determination as to the "validity of the Mortgage/Trust Deeds as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds," and "whether any Defendant has authority to foreclose on the Property." ECF No. 2 ¶¶ 123, 124, 126.

"[T]he granting of declaratory relief is entrusted to the discretion of the district court." *Great American Ins. Co. v. Gross*, 468 F.3d 199, 209 (4th Cir. 2006) (citing 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration")); *see also* Md. Code, Cts. & Jud. Proc. § 3–406 (providing that "[a]ny person interested under a deed . . . may have determined any question of construction or validity arising under the instrument . . ."). Federal courts may issue declaratory judgments only in cases that (i) meet the constitutional "case or controversy" requirement, and also (ii) present a valid basis for subject matter jurisdiction. *See Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc.*, 619 F. Supp. 998, 1001 (D. Md. 1985). Further, even where a request for declaratory relief meets both of these requirements, the district court must, "in its discretion . . . be satisfied that declaratory relief is appropriate." *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990).

Because the Court has already found Plaintiff's legal theories regarding Defendants' standing to foreclose on the Property to be fatally flawed, the Court will also reject Plaintiff's request for declaratory judgment to the same effect. *See Pruitt v. Wells Fargo Bank, N.A.*, No. CV DKC 15-1308, 2015 WL 9490234, at *8 (D. Md. Dec. 30, 2015) (dismissing claim for declaratory relief and noting that "even crediting Plaintiff's allegation that Defendants are not in

actual possession of the original Note, entry of Plaintiff's requested declaratory relief is not warranted because it contravenes Maryland law."). Furthermore, Plaintiff's vague factual allegations prevent the Court from issuing a declaratory judgment that would serve "a useful purpose in clarifying and settling the legal relations in issue," or "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996). Count Seven is dismissed.

### G. TILA, HOEPA and RESPA Claims

In Count Eight, Plaintiff alleges "Violation of TILA and HOEPA, 15 U.S.C. § 1601 *et seq.*" ECF No. 2 at 23. TILA "is a federal consumer protection statute intended to promote the informed use of credit by requiring certain disclosures from lenders. HOEPA, which was enacted as an amendment to TILA, 'applies to a special class of regulated loans that are made at higher interest rates and are subject to special disclosure requirements.'" *Hasan v. Friedman & MacFadyen, P.A.*, No. CIV.A. DKC 11-3539, 2012 WL 3012000, at *5 (D. Md. July 20, 2012) (citing *In re Community Bank of Northern Va.*, 622 F.3d 275, 282 (3d Cir. 2010); 15 U.S.C. § 1639).

An action for damages based upon TILA and HOEPA disclosure requirements "must be brought within one year from the date of the occurrence of the violation," and the violation date can be "no later than the date the plaintiff enters the loan agreement." *Hasan*, 2012 WL 3012000, at *5 (citing *Hood v. Aurora Loan Servs.*, Civ. No. CCB–10–11, 2010 WL 2696755, at *2 (D. Md. July 6, 2010)); *see* 15 U.S.C. § 1640(e). A claim for rescission under TILA "must be brought within three years of the loan closing." *Pitts v. Mozilo*, No. GJH-15-451, 2015 WL 4770941, at *3 (D. Md. Aug. 11, 2015) (citing 15 U.S.C. § 1635(f)).

In Count Nine, Plaintiff alleges "Violation of RESPA, 1[2] U.S.C. § 2601 *et seq.*" ECF No. 2 at 24. Congress enacted RESPA to "insure that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices . . . ." *Pitts v. Mozilo*, No. GJH-15-451, 2015 WL 4770941, at *3 (D. Md. Aug. 11, 2015) (citing 12 U.S.C. § 2601). Similar to claims under TILA, a RESPA claim brought by a private litigant must be brought within either one or three years from the date of the occurrence of the violation. *See* 12 U.S.C. § 2614. The limitations period "begins to run from the date the loan agreement was entered into." *Brown v. Wilmington Fin.*, No. CCB–11–699, 2012 WL 975541, at *4 (D. Md. Mar. 21, 2012) (citation omitted).

Here, Plaintiff's Loan closed on September 13, 2006, more than ten years before he filed this Complaint. ECF No. 2 ¶ 29; ECF No. 3-1 at 1. Although equitable tolling may apply in TILA and RESPA claims in limited circumstances, "setting aside the statute of limitations as to such claims is no easy task." *Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 470, n.10 (D. Md. 2012). To do so, Plaintiff must show fraudulent concealment and the "inability of the plaintiff, despite due diligence, to discover the fraud." *Id.; see also Fowler v. Wells Fargo Home Mortg., Inc.*, GJH-15-1084, 2015 WL 2342377, at *3–4 (D. Md. May 13, 2015) (rejecting argument of equitable tolling where plaintiff did not provide rationale for why she was unable to discover injury through due diligence). English has not made this showing here, and "merely intoning the word 'fraudulently' . . . is not sufficient to raise the doctrine of equitable tolling." *Grant*, 871 F. Supp. 2d at 470, n.10 (internal citations and alterations omitted). As the Defendants' alleged actions took place on September 13, 2006, and Plaintiff does not state

sufficient facts to warrant equitable tolling, these claims are barred by the statute of limitations. Counts Eight and Nine are dismissed.

### H. Rescission

Finally, in Count Ten, Plaintiff claims he is entitled to rescind his Loan and all accompanying Loan documents due to "1) TILA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) failure to abide by the PSA; 6) making illegal or fraudulent transfers of the Note and Mortgage/Deed of Trust; and [7]) Public Policy Grounds." ECF No. 2 ¶ 149.

As noted above, Plaintiff's TILA claim for rescission is barred by the three-year statute of limitations. The Court has further found Plaintiff's other theories in support of rescission to be without merit. Finding no legally cognizable grounds for rescinding the Loan, Plaintiff's final cause of action shall be denied. *See Simmons v. Bank of Am., N.A.*, No. CIV. PJM 13-0733, 2014 WL 509386, at *7 (D. Md. Feb. 6, 2014) ("[T]o the extent [Plaintiff's] claim for rescission rests on other causes of action in the Complaint, her failure to allege facts in support of any of these other claims is also the death knell of her rescission claim"); *Somarriba v. Greenpoint Mortg. Funding, Inc.*, No. 13-CV-072-RWT, 2013 WL 5308286, at *9–10 (D. Md. Sept. 19, 2013) (dismissing rescission claim where other underlying causes of action had been dismissed). Count Ten is dismissed.

### I. Motion to File Surreply

Plaintiff has moved to file a Surreply in this case. ECF No. 30. Loc. R. 105.2(a) provides that "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed." Loc. R. 105.2(a) (D. Md. July 1, 2016). Further, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing

party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (internal citations omitted). Because Plaintiff has given no indication that he was unable to contest the matters presented in Defendants' Motions to Dismiss in his first Opposition, and the Court finds that Plaintiff was afforded sufficient opportunity to do so, his Motion for Leave to File Surreply shall be denied.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 13, 16, and 17, are granted. Plaintiff's Motion for Leave to File Surreply, ECF No. 30, is denied. A separate Order shall issue.

Dated: August 11, 2017

GEORGE J. HAZEL
United States District Judge